This Order Is A
Precedent Of The TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451
General Contact Number: 571-272-8500

Mailed:  February 24, 2016

Opposition No. 91220432

*Intex Recreation Corp. and Intex Marketing Ltd.*

v.

*The Coleman Company, Inc.*

George C. Pologeorgis,
Administrative Trademark Judge:

This proceeding now comes before the Board for consideration of Opposers' motion to compel Applicant to produce unredacted versions of documents already produced in response to Opposers' document requests. The motion is fully briefed.

Initially, the Board finds that Opposers have made the required good faith effort to resolve the parties' discovery dispute prior to seeking Board intervention and that Opposers' motion is timely. *See* Trademark Rule 2.120(e)(1).

By way of their motion to compel, Opposers request that the Board order production of non-redacted versions of all documents that Applicant produced and redacted on the basis that portions of the documents are either irrelevant to the current proceeding or contain confidential information. Opposers argue that irrelevance is not a proper ground for redaction and that they are entitled to unredacted versions of all of these documents. Moreover, Opposers contend that

redacting portions of responsive documents on the ground that such redacted portions contain confidential information is inappropriate because the Board's standard protective order is automatically applicable to this proceeding.

In response, Applicant argues that it may redact irrelevant information in its document production since such information is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Applicant maintains that some of the redacted information concerns (1) product lines of Applicant's goods that are not at issue in this proceeding, and (2) competitive information provided to Applicant's customers that is highly proprietary in nature. Furthermore, Applicant contends that it offered to let Opposers review representative unredacted documents which would have allayed any reasonable concerns, but Opposers declined that option.

Both parties cite to case law supporting their particular interpretation of the Federal Rules of Civil Procedure related to discovery. Upon reviewing this material, as well as additional case law on the topic, the Board is particularly persuaded by the approach taken in *Beverage Distributors, Inc. v. Miller Brewing Co.*, No. 2:08-cv-827, 2010 WL 1727640 (S.D. Ohio, Apr. 28, 2010).[1] In that case, the court analyzed a similar body of case law cited by the parties, which on one hand suggests that redaction is an appropriate way to shield irrelevant or confidential material, but on the other rejects this approach as not allowed under the Federal Rules. *Compare Spano v. Boeing Co.*, No. 3:06-cv-00743, 2008 WL 1774460, at *2 (S.D. Ill. Apr. 16, 2008) (holding redaction is a proper method of shielding information) and *Schiller v.*

---

[1] Only the Westlaw® citations are currently available for the district court decisions cited throughout this order.

*City of New York*, No. 04-cv-7922, 2006 WL 3592547, at *7 (S.D.N.Y. Dec. 7, 2006) (same) *with Orion Power Midwest, L.P. v. America Coal Sales Co.,* No. 2:05-cv-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008) (holding that redaction is not allowed under Rule 34) and *Medtronic Sofamor Danek, Inc. v. Michelson,* No. 01-2373, 2002 WL 33003691, at *4–5 (W.D. Tenn., Jan. 30, 2002) (same).

In *Beverage Distributors,* the court concisely reconciled these two lines of cases by noting several common themes pervading all of the opinions:

> (1) redaction of otherwise discoverable documents is the exception rather than the rule; (2) that ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case; and (3) that the Court should not be burdened with an *in camera* inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information, but only when necessary to protect privileged material whose production might waive the privilege.

2010 WL 1727640 at *4. With those general themes in mind, the Board analyzes the current dispute.

The Board is not persuaded that Applicant is entitled to redact information in its document production that it believes is irrelevant or non-responsive to Opposers' document requests. Indeed, the language of Fed. R. Civ. P. 34 discusses production of "documents," rather than paragraphs or sentences. *See Orion Power Midwest,* 2008 WL 4462301, at *2 ("Rule 34 talks about production of 'documents,' as opposed to the relevant information contained in those documents ... Certainly, a party that seeks to 'inspect' a document would anticipate being able to inspect the entire document ... There is no express or implied support for the insertion of another step in the process

3

... in which a party would scrub responsive documents of non-responsive information

."). The Board sees no compelling reason for Applicant not to disclose information

solely on the ground that Applicant believes the non-disclosed information is not

relevant or responsive where that information appears in a document that contains

otherwise relevant or responsive information. The disapproval of unilateral redaction

exists for a good reason. As one court explained:

> **Parties making such redactions unilaterally decide that information within a discoverable document need not be disclosed to their opponents, thereby depriving their opponents of the opportunity to see information in its full context and fueling mistrust about the redactions' propriety**. And if the Court were to allow such a practice it would improperly incentivize parties to hide as much as they dare. That is a result at odds with the liberal discovery policies, the adversary process, and the Court's obligation to read the Rules 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Fed. R. Civ. P. 1.

*Burris v. Versa Products, Inc.*, Civil No. 07-3938, 2013 WL 608742, at *3 (D. Minn.

Feb. 19, 2013) (emphasis added).

The Board further finds that allowing Applicant unilaterally to redact portions of

responsive documents that it believes are not relevant to the issues in this matter

would place an unnecessary and substantial burden on the Board by requiring the

Board to conduct a time-consuming *in camera* inspection of each of the documents at

issue in order to rule on Opposers' motion to compel. Moreover, allowing redaction of

purportedly irrelevant information from relevant, responsive documents would only

increase the potential for discovery disputes, which would, in turn, increase the

expense of the proceeding for the parties and unnecessarily expend the Board's

resources. *See Medtronic Sofamor Danek*, 2002 WL 33003691 at *5 (disapproving

4

redaction for irrelevance and observing that it would result in an increase in pretrial litigation).

The Board also finds Applicant's contention that redaction is appropriate because some of the redacted information is highly proprietary in nature is without merit. As the parties are aware, the Board's standard protective order is automatically applicable to this proceeding. Trademark Rule 2.116(g); TBMP § 412.01 (2015). To the extent any of the documents at issue contain confidential information, Applicant should have designated those documents under the appropriate tier of confidentiality as set forth in the Board's standard protective order. Alternatively, if Applicant believed that the provisions of the Board's standard protective order were not sufficient to protect its proprietary information, the proper procedure would have been to seek modification of the order, which it did not do. *See* ¶ 16 of the Board's standard protective order.[2]

In view thereof, Opposers' motion to compel is **GRANTED** to the extent that Applicant is allowed until **March 14, 2016** in which to serve on Opposers non-redacted versions of the documents at issue. To the extent portions of these documents contain confidential information, Applicant should designate such portions of the documents under the appropriate tier of confidentiality as provided by the Board's standard protective order. If the entire document consists of information that can reasonably be designated as confidential, then Applicant should designate

---

[2] The Board's standard protective order may be viewed at the following URL address: http://www.uspto.gov/trademarks-application-process/appealing-trademark-decisions/standard-documents-and-guidelines-0

the document in its entirety as confidential under the appropriate tier of confidentiality pursuant to the terms of the Board's standard protective order.[3]

### Trial Schedule

Proceedings are resumed. Discovery is open. Remaining trial dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **5/23/2016** |
| Discovery Closes | **6/22/2016** |
| Plaintiff's Pretrial Disclosures Due | **8/6/2016** |
| Plaintiff's 30-day Trial Period Ends | **9/20/2016** |
| Defendant's Pretrial Disclosures Due | **10/5/2016** |
| Defendant's 30-day Trial Period Ends | **11/19/2016** |
| Plaintiff's Rebuttal Disclosures Due | **12/4/2016** |
| Plaintiff's 15-day Rebuttal Period Ends | **1/3/2017** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademarks Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

---

[3] This ruling does not disturb or alter the Board's jurisprudence that permits redaction of information under appropriate circumstances under the Federal Rules of Civil Procedure and Board rules and procedure, e.g., privileged information, customer names, and submissions to the Board that are not filed under seal as confidential but which contain confidential information.